| JONES, Judge.
Appellant, the Louisiana Patients’ Compensation Fund (LPCF), appeals a judgment of the trial court which approved a petition for partial settlement of a medical malpractice claim filed by the plaintiff-appellee, Linda Morgan.

FACTS

On November 27, 1991, plaintiff filed a petition for damages individually and on behalf of her minor deceased son, Manuel Morgan. The petition alleged that Manuel Morgan died as a result of the negligence of the following health care providers: United Medical Corporation of New Orleans, United Medical Center of New Orleans, Holly Conner, CRNA, Nainder Gupta, M.D. (Dr. Gupta), Stephen McKenna, M.D., and Johnny L. Gibson, M.D.
On January 10, 1992, Physicians’ National Risk Retention Group (PNRRG), Gupta’s insurer, filed a Notice of Judgment and Order for Stay of Proceedings in the Civil District Court For The Parish of Orleans. In this notice, PNRRG informed the Court that they were placed in liquidation by virtue of an order of the |219th Judicial District Court of East Baton Rouge Parish, in the matter entitled “Hunter 0. Wagner, Jr., et al vs. Physicians’ National Risk Retention Group, Inc.”, bearing docket number 364-607.
Prior to trial on the merits, plaintiff agreed to compromise her claim against Dr. Gupta and PNRRG. The parties reached a settlement agreement which, by Order dated April 22, 1994, was approved by the 19th Judicial District Court of East Baton Rouge Parish.
On December 28, 1994, Dr. Gupta and PNRRG filed a joint petition for court approval of their partial settlement. Appellant, the LPCF, answered the joint petition for approval denying the plaintiffs’ right to further relief. The trial court issued the judgment approving the joint petition and ordered:
[T]he proposed settlement be and the same is hereby approved for a total sum of ONE HUNDRED THOUSAND AND NO/ 100 ($100,000.00) DOLLARS BY GUPTA AND PNRRG; and that payment of said sum by Gupta and PNRRG constitutes a statutory admission of liability.
As requested in the joint petition, the trial court scheduled a Rule to Show Cause why the judgment should not be signed. The Rule to Show Cause hearing was held on February 17, 1995, wherein the LPCF contested the portion of the judgment quoted above. Specifically, the LPCF argued that until the $100,000.00 is actually paid to plaintiff, there is no statutory admission of liability.
After hearing the arguments of both plaintiff and the LPCF, the Court ordered that the judgment stand and the mere agreement to pay, regardless of actual payment, precluded the PLF from contesting liability. It is from this ruling that the LPCF appeals.

ARGUMENT

|3In the sole assignment of error, the LPCF argues the trial court erred in holding that the LPCF is precluded from contesting liability due to the settlement agreement between Dr. Gupta and PNRRG since plaintiff has only received $27,410.00, not $100,000.00, receipt of which is required to trigger the statutory admission of liability.
In support of this argument, the LPCF cites LSA-R.S. 40:1299.44(0(5) which provides in pertinent part:
[I]n approving a settlement or determining the amount, if any, to be paid from the patients’ compensation fund, the court shall consider the liability of the health care provider as admitted and established where the insurer has paid its policy limits of one hundred thousand dollars, or where the self-insured health care provider has paid one hundred thousand dollars.
The LPCF argues this statute requires actual payment of $100,000.00, and that an agreement to pay is insufficient. As proof that the plaintiff has not actually received $100,000.00, the LPCF points to the “Order Approving Proposal for Disbursement of Asset”. In the order, the Liquidator of PNRRG is authorized to pay only 27.14% distribution on all settled claims. In effect, PNRRG was authorized to pay only $27,410 to the plaintiff. Although subsequent distributions are prom *309 ised, there is no guarantee that further disbursements will be forthcoming.
In Russo v. Vasquez, 648 So.2d 879 (La. 1995), the Supreme Court addressed the issue of whether a settlement agreement between the plaintiff and a health care provider and his insurer for less than $100,000.00 triggered the statutory admission of liability. In Russo, the insurer agreed to pay the claimant $95,000.00 in cash in exchange for a $5,000.00 discount. Plaintiffs asserted that this settlement constituted a $100,000.00 settlement sufficient to trigger the LPCF’s liability for excess damages and preclude the PLF from contesting the qualified health care provider’s liability. The trial court agreed and held that the settlement at issue constituted a $100,000.00 settlement by assuming that when the | ¿insurer's actual payment of $95,875.62 is added to the reasonably anticipated cost of a jury trial, $6,099.26, the settlement amount exceeds $100,000.00. The Louisiana Supreme Court disagreed stating:
La. R.S. 40:1299.44(0(5) provides that a trial court, in determining whether to approve a settlement, is required to consider the liability of a health care provider as admitted and established only where the insurer has paid its policy limits of $100,-000.00. Because the record in this ease clearly indicates that the insurer only paid $95,872.65, the trial court’s conclusion is incorrect.
Russo at 884.
The LPCF argues that the ruling of the trial court in the present matter is contrary to La. R.S. 40:1299.44(0(5), Russo, and public policy. We disagree. The Russo decision is clearly distinguishable from the present matter.
In Russo, the trial court attempted to invoke the jurisdiction of the LPCF by factoring in costs which were outside the scope of LSA-R.S. 40:1299.44(0(5), while in the present matter, the parties actually settled for $100,000.00. Furthermore, unlike in Russo, regardless of whether the plaintiff actually collects $100,000.00, PNRRG is obligated to pay the full amount of the settlement. The LPCF fails to submit any evidence of a secret agreement between the parties, or of any agreement to discount the value of the claim in exchange for an admission of liability-
The fact that PNRRG was in receivership and subsequently directed by the receiver to pay less than the agreed upon amount was not the plaintiffs fault, therefore, she should not bear the additional burden of establishing liability once it has been statutorily admitted. Dr. Gupta has acknowledged that he is liable for his acts and his insurer, PNRRG has chosen not to contest liability. Hence, we find that these acts, notwithstanding that plaintiff has not collected $100,000.00, are sufficient to invoke the jurisdiction of the LPCF as to damages only.
| .^Accordingly, we find no error in the ruling of the trial court. The judgment approving the partial settlement agreement between the plaintiff, Dr. Gupta and PNRRG is affirmed.

AFFIRMED.